[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11762
Non-Argument Calendar
_____

D.C. Docket No. 6:15-cr-00235-CEM-TBS-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSE E. ELOSEGUI,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 19, 2017)

Before MARCUS, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

Jose Elosegui appeals his 151-month sentence after pleading guilty to one count of receipt of child pornography (Count 1) and one count of possession of child pornography (Count 2), both in violation of 18 U.S.C. § 2252. Mr. Elosegui argues that his sentence was substantively unreasonable because the district court failed to adequately consider the mitigating factors that he presented at sentencing. Upon review of the record and consideration of the parties' briefs, we affirm.

## I

Because we write for the parties, we assume their familiarity with the underlying record and recite only what is necessary to resolve this appeal.

In October of 2015, a Homeland Security special agent executed a search warrant at Mr. Elosegui's home after detecting an IP address that was sharing a number of videos depicting graphic sexual conduct involving prepubescent children. The agent interviewed Mr. Elosegui, who initially denied using file-sharing software, but later admitted to using it to download child pornography. He also admitted to downloading child pornography for years. Agents seized a laptop computer and external hard drive from his residence and found dozens of images and videos of child pornography.

Agents also found a number of items of interest during the search of Mr. Elosegui's apartment, including magazine clippings of clothed children coupled with clippings from adult pornography, a small pink MP3 player,

2

children's cartoon DVDs, a tripod set up between his bed and bedroom window, and lengthy lists of search terms known to be used to find child pornography online, as well as a pink girl's bicycle outside his front door. Mr. Elosegui stated that he found the MP3 player at the airport, that the cartoon DVDs were for his own use, that he used the tripod in conjunction with a telescope to look at the stars, and that he found the bicycle in the trash. He admitted the search terms were used to find child pornography and that he used the cut-outs to pretend the adults were performing sex acts on the children.

The PSI held Mr. Elosegui responsible for 1,619 videos[1] and 185 images containing child pornography. The PSI recommended a base-offense level of 22 under USSG § 2G2.2(a)(2). It also recommended several USSG § 2G2.2(b) enhancements,[2] as well as a 3-level reduction under USSG §§ 3E1.1(a) and (b) for acceptance of responsibility. The PSI recommended a total offense level of 34 and a criminal history category of I, resulting in an advisory guideline range of 151 to 188 months' imprisonment.

---

[1] Under USSG § 2G2.2(b)(7)(D), each video is considered to have 75 images, which in Mr. Elosegui's case amounted to 121,425 images.

[2] The PSI recommended a 2-level increase under § 2G2.2(b)(2) because the images depicted prepubescent children or minors under 12 years old; a 2-level increase under § 2G2.2(b)(3)(F) for use of a peer-to-peer file-sharing program; a 4-level increase under § 2G2.2(b)(4) because the offense involved material portraying sadistic, masochistic, or other violent conduct; a 2-level increase under § 2G2.2(b)(6) because a computer was used for the offense; and a 5-level increase under § 2G2.2(b)(7)(D) because the offense involved 600 or more images.

Mr. Elosegui requested a downward variance from the advisory guideline range. The district court denied this request and sentenced him to 151 months' imprisonment for Count 1 and 120 months' imprisonment for Count 2, with those terms to be served concurrently, and five years' supervised release.

## II

We review the substantive reasonableness of a sentence for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 41 (2007). Mr. Elosegui, as the party challenging the sentence, has the burden of demonstrating that it is unreasonable in light of the record and the factors enumerated in 18 U.S.C. § 3553(a). *See United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). Under our deferential standard of review, "we are to vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1190 (internal quotation marks and citation omitted).

4

We examine whether a sentence is substantively reasonable in light of the totality of the circumstances. *See Gall*, 552 U.S. at 51. The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. The court must also consider the need to avoid unwarranted sentencing disparities. *See* § 3553(a)(6). The fact that a sentence is within the advisory guideline range and well below the statutory maximum are both factors indicative of reasonableness. *See United States v. Cubero*, 754 F.3d 888, 898 (11th Cir. 2014).

### III

Mr. Elosegui argues that his sentence was substantively unreasonable, particularly in light of his remorse, acceptance of responsibility, family support, lack of criminal history, age, and childhood history of sexual abuse. He argues that, taking into account these mitigating factors, a total sentence closer to the 60-month mandatory minimum would have better reflected the seriousness of his crimes.

The record shows that the district court considered the arguments and mitigating evidence presented by Mr. Elosegui at sentencing, including his alternative explanations for several of the items found at his residence and the

results of a polygraph test in which he stated that he never had inappropriate sexual contact with any minor. *See* D.E. 49 at 21–23. The district court determined that, based on the evidence presented, Mr. Elosegui posed a danger to the community, and sentenced him at the low end of the advisory guidelines range. *See id.* at 23 ("[T]he circumstantial evidence that exists before the [c]ourt is every single thing a reasonable human being would look for circumstantially to give them concern over whether or not someone is a danger to the community, absent any specific expert evidence to the contrary exists in this case. And, bluntly, I'm concerned that he is a danger.").

The district court's rejection of Mr. Elosegui's argument for a lesser total sentence did not constitute an abuse of discretion because there is no indication that the court failed to consider the relevant factors, gave weight to an improper or irrelevant factor, or committed a clear error of judgment. Moreover, Mr. Elosegui's sentence falls at the low end of the advisory guidelines range, which indicates reasonableness. *See Cubero*, 754 F.3d at 898.

## IV

Mr. Elosegui has not demonstrated that his 151-month sentence was substantively unreasonable in light of the record and the § 3553(a) factors. The sentence is therefore affirmed.

**AFFIRMED.**

6